**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4856**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

ANTHONY ANTONIO SHEPARD,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
District Judge.  (5:07-cr-00201-D-1)

———————

Submitted:  June 9, 2009              Decided:  July 10, 2009

———————

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

———————

Walter H. Paramore, III, WALTER H. PARAMORE, III, P.C.,
Jacksonville, North Carolina, for Appellant.  Anne Margaret
Hayes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal filed pursuant to Anders v. California, 386 U.S. 738 (1967), Anthony Antonio Shepard appeals his conviction and 264-month sentence he received after pleading guilty to distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1)(2006), and aiding and abetting, in violation of 18 U.S.C. § 2 (2006). Anders counsel notes no meritorious issues for appeal, but raises as a potential issue the district court's denial of a three-level reduction in sentence for acceptance of responsibility. In response, the Government has filed a motion to dismiss, asserting the waiver of appellate rights included in Shepard's plea agreement precludes appeal of his sentence. Shepard filed a pro se supplemental brief, arguing his attorney provided him ineffective assistance by failing to adequately counsel him as to the possible sentencing consequences arising out of his relevant conduct. For the reasons set forth below, we affirm in part and grant the Government's motion to dismiss in part.

We first conclude that Shepard has waived his right to appeal his sentence and its calculation. A defendant may, in a valid plea agreement, waive his appellate rights under 18 U.S.C. § 3742 (2000). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). We review the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue

2

appealed is within the scope thereof.  United States v. Blick, 408 F.3d 162, 171 (4th Cir. 2005).  An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169.  "An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision . . . during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver."  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks omitted).  Ultimately, however, the issue is "evaluated by reference to the totality of the circumstances."  United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

The appellate waiver set forth in Shepard's plea agreement provided that Shepard agreed:

> To waive knowingly and expressly the right to appeal of whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing based on the applicable drug weight and criminal history category, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel.

Our review of the record reveals that Shepard knowingly and voluntarily waived his right to appeal his

3

sentence. The waiver's language is clear and unambiguous, and the district court reviewed the terms of the waiver with Shepard at the Fed. R. Crim. P. 11 hearing to ensure he understood it. Accordingly, we conclude the waiver is valid and enforceable. Because the sentencing issue raised on appeal falls within the scope of the waiver that Shepard knowingly and voluntarily accepted, the waiver will be enforced to preclude review of Shepard's sentence. Accordingly, we grant the Government's motion to dismiss Shepard's appeal to the extent it challenges his sentence.

Shepard challenges his conviction by arguing his attorney provided him ineffective assistance by failing to adequately counsel him regarding sentencing consequences arising out of his relevant conduct, which resulted in the denial of the three-level reduction in sentence for acceptance of responsibility. Shepard intimates that such ineffective assistance undercuts the validity of his plea. Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be

raised by motion under 28 U.S.C. § 2255 (2000)).  We find the record in this case falls short of this exacting standard.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we grant the Government's motion to dismiss, in part, and dismiss Shepard's challenge to his sentence.  We affirm the remainder of the district court's judgment.

We require that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such filing would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>